IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAPID MORTGAGE COMPANY, | : | Case No. 1:22-cv-00746 |
| | : | |
| Plaintiff, | : | Judge Douglas R. Cole |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S ANSWER TO** |
| RAPID MORTGAGE FUNDING, INC., | : | **PLAINTIFF'S COMPLAINT (DEMAND** |
| | : | **FOR JURY TRIAL)** |
| Defendant. | : | |

Defendant Rapid Mortgage Funding ("Defendant" or "Rapid Mortgage Funding"), hereby answers the Complaint filed by Rapid Mortgage Company ("Plaintiff" or "Rapid Mortgage Company") as follows:

## DEFENDANT'S ANSWER TO ALLEGATIONS OF NATURE OF THE ACTION

1.     This is an action asserting claims under the federal Lanham Act, as well as Ohio common law claims for trademark infringement and deceptive and unfair trade practices, and violation of the Ohio Deceptive Trade Practices Act. Rapid Mortgage Company seeks injunctive and monetary relief against Defendant.

**ANSWER:** Defendant admits that paragraph 1 alleges certain charges against Defendant, but Defendant denies the veracity of the allegations in paragraph 1.

2.     Rapid Mortgage Company was founded in September 2002 in Ohio. Rapid Mortgage Company provides a wide variety of mortgage products and services, including conventional, FHA, VA and USDA loan products (the "Rapid Mortgage Services"). Rapid Mortgage Company offers its products and services under the name and trade/service mark "Rapid Mortgage" (the "Rapid Mortgage Mark"), and has used the mark continuously throughout Ohio, and nationwide through its website, since 2002 in connection with the Rapid Mortgage Services. As a result of its use of the Rapid

1

Mortgage Mark in connection with the Rapid Mortgage Services for more than twenty years, consumers have come to recognize the Rapid Mortgage Mark as an identifier of Rapid Mortgage Company as a source of origin.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

3.     This case involves Defendant's unauthorized use of an identical and/or confusingly similar service/trademark (the "Infringing Mark") in connection with Defendant's provision of directly competing and/or significantly overlapping services which are described more particularly below (the "RMF Services").

**ANSWER:** Defendant denies the allegations contained in paragraph 3.

4.     Defendant was formerly known as J&D Funding, Inc.  However, in approximately October 2020, well after Rapid Mortgage Company's trade/service mark rights and goodwill in the name were established, Defendant changed its name to "Rapid Mortgage Funding, Inc." and began marketing its mortgage products under the name "Rapid Mortgage."

**ANSWER:** In response to paragraph 4, Defendant admits that in October 2020, Defendant changed its name from J&D Funding, Inc. to Rapid Mortgage Funding Inc.  Defendant further admits that at least as early as October 2018, Defendant operated under the assumed name "Rapid Mortgage Funding."  As to the remaining allegations contained in paragraph 4, Defendant denies them.

5.     Defendant's unauthorized use of the Infringing Mark has and will continue to cause harm and damages to Rapid Mortgage Company because consumers have already confused and will likely continue to mistakenly believe that RMF and/or the RMF Services originate or are affiliated with or are approved, endorsed or sponsored by Rapid Mortgage Company, a vice versa, when that it not the case.

**ANSWER:** Defendant denies the allegations contained in paragraph 5.

**ANSWER TO THE PARTIES, JURISDICTION AND VENUE**

6. Plaintiff Rapid Mortgage Company is an Ohio corporation with its principal place of business located in Hamilton County, Ohio.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. Upon information and belief, Defendant Rapid Mortgage Funding, Inc. is a Michigan corporation with its principal place of business located in Bingham Farms, Michigan.

**ANSWER:** Defendant admits the allegations in paragraph 7.

8. RMF conducts business in Ohio and in this district, and personal jurisdiction may properly be asserted over RMF in this State and in this judicial district. RMF has registered to do business as a foreign entity in Ohio.

**ANSWER:** Defendant admits the allegations in paragraph 8.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction. This Court has supplemental jurisdiction over the non-federal claims referenced above under 28 U.S.C. § 1367, because those claims alleged under state law are so related to claims in this action over which this Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

**ANSWER:** Defendant admits the allegations contained in paragraph 9.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, among other reasons, this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted herein occurred, Plaintiff has suffered injury in this district, and/or Defendant is

subject to the court's personal jurisdiction in this judicial district.

**ANSWER:** In response to paragraph 10, Defendant admits that venue is proper in this district and that Defendant is subject to the court's personal jurisdiction in this judicial district. Defendant denies any allegations contained in paragraph 10 not expressly admitted herein.

## ANSWER TO THE FACTS

11.     Rapid Mortgage Company was founded in September 2002 with a principal office location in Warren County, Ohio.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore, denies them.

12.     At the time it was founded in 2002, Rapid Mortgage Company developed and began using the Rapid Mortgage Mark to offer the Rapid Mortgage Services nationwide. Rapid Mortgage Company is the owner of the Rapid Mortgage Mark, and its use of the Rapid Mortgage Mark has been broad and continuous since 2002.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore, denies them.

13.     Rapid Mortgage Company's business quickly expanded and it has offices, has registered in, and/or is licensed as a mortgage lender in at least the following states: Ohio, Florida, Indiana, Kentucky, North Carolina, South Carolina, Pennsylvania, Michigan, Alabama, Delaware, Georgia, Illinois, Louisiana, Mississippi, New Jersey, Oregon, Tennessee, Virginia, West Virginia and Wisconsin.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore, denies them.

14.     Rapid Mortgage Company first began using the Rapid Mortgage Mark in commerce in

4

the fall of 2002, and Rapid Mortgage Company markets its Rapid Mortgage Services nationwide and its use of the Rapid Mortgage Mark has been continuous nationwide since that time.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore, denies them.

15.     As a result of its long use of the Rapid Mortgage Mark in connection with the Rapid Mortgage Services, consumers have come to recognize the Rapid Mortgage Mark as an identifier of Rapid Mortgage Company as a source of origin.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore, denies them.

16.     Rapid Mortgage Company's use of the Rapid Mortgage Mark nationwide, and specifically including in the State of Ohio and in the states identified in paragraph 13, is first in time and Rapid Mortgage Company's use of the Rapid Mortgage Mark is accordingly senior and entitled to priority.

**ANSWER:** Defendant denies the allegations contained in paragraph 16.

17.     Upon information and belief, Defendant was established in September 2018 in Farmington Hills, Michigan under the name J&D Funding, Inc.

**ANSWER:** Defendant admits the allegations contained in paragraph 17.

18.     Upon information and belief, in September 2020, Defendant changed its name from J&D Funding, Inc. to Rapid Mortgage Funding, Inc. and commenced use of the Infringing Mark including marketing its mortgage products and services utilizing the name "Rapid Mortgage."

**ANSWER:** In response to paragraph 18, Defendant admits that in October 2020, Defendant changed its legal name from J&D Funding, Inc. to Rapid Mortgage Funding Inc. Defendant further admits that at least as early as October 2018, Defendant operated under the assumed name "Rapid

Mortgage Funding."  As to the remaining allegations contained in paragraph 18, Defendant denies them.

19.     Therefore, upon information and belief, Defendant commenced use of the Infringing Mark at least 18 years after Rapid Mortgage Company began using its Rapid Mortgage Mark.

**ANSWER:**  Defendant denies the allegations contained in paragraph 19.

20.     The Infringing Mark is identical or substantially similar to Rapid Mortgage Company's Mark, and is utilized on Defendant's website and in its marketing materials.

**ANSWER:**  Defendant denies the allegations contained in paragraph 20.

21.     Upon information and belief, Defendant offers the same or substantially similar loan/mortgage products and services (the "RMF Services") as the Rapid Mortgage Services.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore, denies them.

22.     The products and services offered by Defendant compete directly with the products and services offered by Rapid Mortgage Company, and/or significantly overlap with the products and services offered by Rapid Mortgage Company and areas of natural expansion of the services.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore, denies them.

23.     Upon information and belief, prior to July 2022, Defendant's presence was limited to primarily the Farmington Hills, Michigan and Bingham Farms, Michigan regions.

**ANSWER:**  Defendant denies the allegations contained in paragraph 23.

24.     However, upon information and belief, Defendant recently expanded into the State of Ohio and into other states and regions in which Rapid Mortgage Company was already operating and offering the Rapid Mortgage Company Services, and is utilizing the Infringing Mark in its marketing

6

in connection with the RMF Services.

**ANSWER:** Defendant denies the allegations contained in paragraph 24.

25. Upon information and belief, Defendant has and continues to engage in an aggressive, extensive and continuous advertising and marketing campaign, utilizing the Infringing Mark, directed to consumers. Defendant has used, and, upon information and belief, intends to continue to use, the Infringing Mark nationwide, to offer and market the RMF Services.

**ANSWER:** Defendant denies the allegations contained in paragraph 25.

26. Upon information and belief, Rapid Mortgage Company and Defendant utilize the same or similar marketing channels. Moreover, there is a substantial overlap of the relevant market of purchasers for the Rapid Mortgage Services and the RMF Services.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore, denies them.

27. Thus, Defendant is now promoting, marketing, and offering, through the use of the Infringing Mark, directly competing services and/or significantly overlapping services to those offered by Rapid Mortgage Company nationwide, including the in the State of Ohio and those States identified in the preceding paragraph 13.

**ANSWER:** Defendant denies the allegations contained in paragraph 27.

28. Upon information and belief, Defendant has substantially expanded the geographic area in which it is offering the RMF Services since October 2020, and is likely to continue to do so while using the Infringing Mark. Rapid Mortgage Company is also likely to expand its services using its Rapid Mortgage Mark.

**ANSWER:** In response to paragraph 28, Defendant admits that it has expanded the geographic area in which it is offering its services since January 2019. Defendant expressly denies

that it is using any "Infringing Mark." As to the remaining allegations contained in paragraph 28, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

29. As a result, relevant consumers are likely to believe that the services offered by Rapid Mortgage Company are related to or affiliated with those offered by Defendant, and/or that Defendant's conduct is that of Rapid Mortgage Company or approved by Rapid Mortgage Company.

**ANSWER:** Defendant denies the allegations contained in paragraph 29.

30. Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers. Consumers already familiar with Rapid Mortgage Company's name and trademark are likely to believe that there is some affiliation, sponsorship, approval, license, or other connection between J&D and Rapid Mortgage Company. Defendant's use of the Infringing Mark containing the identical name "Rapid Mortgage," and closely related (if not identical) nature of the respective products and services, consumers, and channels of trade, mean confusion is inevitable.

**ANSWER:** Defendant denies the allegations contained in paragraph 30.

31. Among other things, relevant consumers are likely to purchase the RMF Services in the belief that they are purchasing Rapid Mortgage Company's Services. Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, as to the source, origin, connection, affiliation, sponsorship or approval of the RMF Services, and to divert and appropriate to Defendant the goodwill created by Rapid Mortgage Company in the Rapid Mortgage Mark. The unauthorized sales, marketing, and advertising by Defendant of the RMF Services under the Infringing Mark is likely to mislead consumers into believing that the RMF Services are affiliated with, authorized by or approved by Rapid Mortgage

8

Company, when they are not.

**ANSWER:** Defendant denies the allegations contained in paragraph 31.

32.     As a further result of Defendant's unauthorized use of the Infringing Mark, Rapid Mortgage Company has and will continue to lose the value of its Rapid Mortgage Mark, including, but not limited to, its service identity, control over its goodwill and reputation, and its ability to move into new markets.

**ANSWER:** Defendant denies the allegations contained in paragraph 32.

33.     For example, upon information and belief, Defendant's marketing tactics include telemarketing and "cold-calling" consumers to solicit business and other questionable business practices which may violate consumer laws. Defendant's marketing tactics have led to numerous complaints from customers and other consumer targets of Defendant's conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 33.

34.     In fact, Defendant was recently named as a defendant in a consumer class action lawsuit alleging violations by Defendant of the Telephone Consumer Protection Act (the "TCPA Lawsuit"). The TCPA Lawsuit alleges RMF violated the Telephone Consumer Protection Act by, among other things, repeatedly calling residential numbers listed on the National Do No Call Registry.

**ANSWER:** In response to Paragraph 34, Defendant admits that it was named in a lawsuit in the Eastern District of Michigan styled *Jenkins v. Rapid Mortgage Funding Inc.*, case number 2:22-cv-10512 and that the complaint in that action alleged violations of the Telephone Consumer Protection Act. Defendant denies any allegations contained in paragraph 34 not expressly admitted herein.

35.     Moreover, Rapid Mortgage Company has received dozens of complaints from consumers about conduct of Defendant which consumers mistakenly believe to be that of Rapid

Mortgage Company due to Defendant's use of the Infringing Mark.  Examples include the following (consumer identifying information has been redacted):

a.  Excerpt from letter titled "Illegal Call" accusing Rapid Mortgage Company of violating the Telephone Consumer Protection Act ("TCPA") for making unsolicited calls to a consumer's cell phone, and demanding payment of statutory penalties and other damages:

Robocalls Call Log

1. Date and time of call: **March 4, 2022**
2. Duration of call:  **18 min.**
3. Number they called: █████████
4. Number that showed up on caller id: **719-782-2555**
5. The city & state they are calling from:  **Bingham Farms, MI**
6. Was there a pre-recorded message:  **No, but, I said "Hello" three times before a live person answered**
7. Did I speak to a live person: **Yes**
8. Callback number at which they can be reached: **734-660-9388**
9. Name of the company: **Rapid Mortgage Funding**
10. Website for the company:
11. Company's BBB page: **This business is not BBB accredited, Rating "B+"**
12. First and last name of the caller: **Anthony Kamano**
13. Email of the caller:
14. An overview of what was said on the call?  **Mr. Kamano was cold calling people on some list he had to refinance their mortgage. He asked qualifying questions, on my status, current mortgage, monthly income ect.**

\* \* \*

1

> Because an agent contacted me on my cell phone, at my number listed on the national Do Not Call registry, I have reason to believe that you willfully or knowingly violated the law, which makes you liable for up to $1,500 per violation.
>
> By virtue of this unwanted communication, you have violated multiple provisions of the TCPA, and in so doing, exposed yourself to substantial statutory penalties. But, in the interest of saving all parties involved the time, trouble, and cost of litigation in federal court, I would urge you to accept this very equitable, **one-time** offer:
>
>> **Please send, made payable to me, certified funds in the amount of $500, to the address listed herein within five (5) days of your receipt of this correspondence. In exchange, I will release any and all claims related to this matter, and forgo any future reports, complaints or grievances to state or federal government agencies or authorities not yet made.**
>
> If you do not choose to settle, I can assure you that I will do my part to help enforce the law as Congress intended and I will sue you for violating the law. Additionally, I may decide to seek class action certification in a suit against you, as I am certain that I am not the only one to have received this type of unlawful communication from your company.

Rapid Mortgage Company was forced to hire counsel to respond to this consumer and explain to the consumer that he had confused the actions of RMF with Rapid Mortgage Company.

      b.   Excerpt from letter received by Rapid Mortgage Company from Washington, D.C. attorney who confused Rapid Mortgage Company with RMF, and accused Rapid Mortgage Company of violating the TCPA:

1

**Rapid Mortgage**
**ATTN: LEGAL DEPARTMENT**
**7870 E Kemper Rd. #280**
**Cincinnati, OH 45249**

    Re:   <u>Violation of the Telephone Consumer Protection Act</u>

To Whom It May Concern:

    My Client, ███████████ (Client), wishes to bring to your attention a telemarketing concern. In August, September, and October of 2021, my Client received unsolicited telemarketing calls to their wireless line ████████ from your company or some company on your behalf, from number 614-484-7112. My Client did not provide their consent to your company to make these telemarketing calls. It is my understanding that according to the Telephone Consumer Protection Act, it is illegal to make marketing calls to any wireless line using an ATDS or Pre-Recorded message without first obtaining the express written consent of the recipient or business. Furthermore, the numbers in question is also on the National Do-Not-Call (DNC) Registry.

    Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company, as well as any other documents that support your position there is no claim against your company, if that is your contention. Before my Client proceeds with a formal claim, they wish to give your company the opportunity to explain their actions. Please forward this information to my attention by November 4, 2021. If we do not hear from you by that time, my Client will consider all legal remedies available, including but not limited to, filing a claim in Federal Court. By sending this letter, you as well as any third parties that you worked with related to the telephone campaign at issue, are hereby notified of your obligation to preserve all electronic and non-electronic files regarding this claim. This includes, but is not limited to, all e-mail communications and records reflecting telephone calls.

Again, Rapid Mortgage Company was forced to hire counsel to respond to this attorney demand letter, and explain that the consumer had confused it with RMF.

    c.   Multiple consumer emails received by Rapid Mortgage Company who confused and attributed the actions of Defendant to Rapid Mortgage Company, accusing it of unsolicited cold-calling and other deceptive practices involving consumers:

-----Original Message-----
From: Rapid Mortgage Company <contact@rapidmortgagecompany.com>
Sent: Thursday, May 5, 2022 12:04 PM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: Contact Request From Rapid Mortgage Company

Name:
Email:
Message: Different people keep calling me , asking for my dead husband, saying they are from rapid mortgage. Do
you have an official reporting person for scams!

\*\*\*

From: Rapid Mortgage Company <contact@rapidmortgagecompany.com>
Sent: Thursday, May 5, 2022 4:05 PM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: Contact Request From Rapid Mortgage Company
Name:
Email:
Message: I would like to submit a complaint about receiving multiple calls from Rapid Mortgage. I have told each person I am not interested in refinancing my home and to stop calling me. Over the past three days I have received multiple calls each day. This needs to stop or I will file a complaint to the BBB.

\*\*\*

-----Original Message-----
From: Rapid Mortgage Company <contact@rapidmortgagecompany.com>
Sent: Monday, March 7, 2022 6:16 PM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: Contact Request From Rapid Mortgage Company
Name:
Email:
Message: I just got a call from a RUDE rep of your company. The jackass was rude and hung up on me after he said " I am trying to talk" I could not hear him prior. Call came from 916. 668.6265

\*\*\*

-----Original Message-----
From:
Sent: Thursday, May 26, 2022 11:50 AM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: I have been called two to three times a day by rapid mortgage, I have told them not to call me again. I have recorded these phone calls each time and am prepared to turn them over to the Florida state attorney general and Sue your company for harassmen...

\*\*\*

-----Original Message-----
From: Rapid Mortgage Company <contact@rapidmortgagecompany.com>
Sent: Wednesday, June 22, 2022 4:33 PM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: Contact Request From Rapid Mortgage Company
Name:

13

Email: █████████████████

Message: I am going to contact my attorney about harassment from rapid mortgage I have told your telemarketers 32 times now in the past few weeks that I am not interested in we are happy with our VA loan gentleman I just told his two told me to suck it and hung up on me this is a disgusting company and if y'all call me again I'm contacting my attorney for harassment

***

-----Original Message-----
From: Rapid Mortgage Company <contact@rapidmortgagecompany.com>
Sent: Friday, May 27, 2022 11:53 AM
To: GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
Subject: Contact Request From Rapid Mortgage Company
Name: ████████████
Email: ██████████████

Message: I hey been trying to get a hold of Johnathan Denha for weeks about my refund he charged me for an appraisal, he won't answer any text I'm on a fixed income and he knows that, I can't afford to throw away money, I gave it good faith that I would get it back just asking that your company holds up to your end, thank you

***

**From:** ███████████████████
**Sent:** Wednesday, May 18, 2022 6:48 PM
**To:** GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
**Subject:** 5 to 10 phone calls from sales people daily
How do I get my name and number removed from your call list. Let's just start there

***

On Wed, Jul 20, 2022 at 7:42 AM ███████████████████████████ >
wrote:
Thank you for your response. Attached please find the information identifier sent to me, with "Mr. Anthony Kamano" represeting your company.
I may have been "scammed", but I felt you should know 'someone' is falsely(?) using your company to obtain personal, financial information from people (me, especially);?there was a Facebook account with his name on it, but it seems to have 'disappeared'.

Info attached below:
RE: Refinancing Paperwork
Inbox
A
Anthony Kamano May 4
to me
+
Received, thank you. I will start to get working on this with the underwriters.

14

RAPID
MORTGAGE FUNDING
Anthony Kamano
Loan Partner
Company NMLS: 1798321
phone: 248-537-9200 ext 208
fax: 248-537-0782
email: Akamano@rmfmortgage.com
website: www.rmfmortgage.com
30700 Telegraph Rd, Suite 4600

*** 

**From:** ███████████████████████
**Sent:** Thursday, June 2, 2022 7:40 PM
**To:** Joey Habbo- Rocket Mortgage <jhabbo@rmfmortgage.com>; GRP-OTHER- CUSTOMER SERVICE <customerservice@emailrmc.com>
**Cc:** ███████████████████
**Subject:** Fwd: Joey Habbo Rapid Mortgage Hello.
I am a current customer. My name is ████████████        . My address is ███████████████
. ██████████████████

I was told by Branch Manager, Joey Habbo, that May 2022 my rate would be reduced to 2.375%. I haven't received any information regarding my rate reduction. Please see the email below from Joey Habbo with this order. I was told this at the time of signing for my refinancing.
I also have three witnesses, the Notary that was present, and two family members that heard Mr. Habbo stat this over the phone as well as seen the email Mr. Habbo sent (email is below).
Please contact me at ████████████ regarding this matter.
I will be contacting your company frequently, reaching out to any and all managers, and reaching out to the Better Business Bureau, my lawyer, and social media if I do not have this rate corrected immediately starting May 2022.
Thank you,
███████████

***

**From:** ███████████████████████
**Sent:** Thursday, July 28, 2022 11:35 AM
**To:** GRP-OTHER-CUSTOMER SERVICE <customerservice@emailrmc.com>
**Subject:** Please stop harassing me. Dear Customer Service,
I have been receiving multiple calls a day on my work cell phone from Rapid Mortgage. The calls come from different numbers and every call I ask to be removed from the call list. The agent tells me there is no list and they get a file put on their desk every morning

to call me. I am obligated to answer my work cell for emergencies and these calls are interfering with my ability to perform my job. If you can not remove me from the call list ASAP I will be forced to take legal action.

██████████████████

PS do not call me regarding this matter. Just remove me and/or forward this email to the correct department. Or reply with instructions where I can opt out.
Thank you
Keith

    d. In response to each email above (as well as others), Rapid Mortgage Company had to explain to each consumer that it does not engage in such sales calls to solicit business, had no record of his/her name or email in its systems, was not the company who took the money and/or made the described promises which were broken, and that he/she had likely confused it with Defendant Rapid Mortgage Funding of Michigan.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and its subparts, and therefore, denies them.

36. The foregoing examples are also direct evidence that consumer confusion already exists as a result of Defendant's use of the Infringing Mark.

**ANSWER:** Defendant denies the allegations contained in paragraph 36.

37. Thus, consumers' affiliation of Rapid Mortgage Company with Defendant has already caused and is likely to continue to cause significant harm to Rapid Mortgage Company's reputation and goodwill.

**ANSWER:** Defendant denies the allegations contained in paragraph 37.

38. Upon information and belief, Defendant's actions have been in bad faith, willful and intentional, or it acted with deliberate indifference to Rapid Mortgage Company's rights in and use of its Rapid Mortgage Mark before Defendant began using the Infringing Mark. Upon further

information and belief, Defendant was well aware of Rapid Mortgage Company, the Rapid Mortgage Services, and the goodwill associated with Rapid Mortgage's Mark in connection with the Rapid Mortgage Services built through extensive efforts by Rapid Mortgage Company over the last twenty (20) years, and sought to misappropriate that good will for itself through use of the Infringing Mark.

**ANSWER:**  Defendant denies the allegations contained in paragraph 38.

<u>**ANSWER TO FIRST CAUSE OF ACTION**</u>
<u>**VIOLATION OF LANHAM ACT**</u>
<u>**15 USC 1125, *et seq.***</u>

39.     Plaintiff incorporates the foregoing paragraphs as if fully restated here.

**ANSWER:**  To the extent that paragraph 39 requires a response, Defendant incorporates all responses from the preceding paragraphs as if fully restated here.

40.     Defendant's use in commerce, without Plaintiff's consent, of the Infringing Mark in connection with the RMF Services is likely to cause confusion, mistake and deception of consumers as to the source of origin of RMF's Services and RMF's conduct.

**ANSWER:**  Defendant denies the allegations contained in paragraph 40.

41.     Defendant's use in commerce, without Plaintiff's consent, of the Infringing Mark is likely to cause confusion, mistake and deception in consumers as to the source of origin of Rapid Mortgage's Services.

**ANSWER:**  Defendant denies the allegations contained in paragraph 41.

42.     Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, because consumers will likely mistakenly believe that Defendant and/or the RMF Services originate or are affiliated with or are approved, endorsed or sponsored by Rapid Mortgage Company, when that is not the case.

**ANSWER:**  Defendant denies the allegations contained in paragraph 42.

17

43.     Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, because consumers will likely mistakenly believe that Rapid Mortgage Company and/or the Rapid Mortgage Services originate or are affiliated with or are approved, endorsed or sponsored by Defendant, when that is not the case.

**ANSWER:**  Defendant denies the allegations contained in paragraph 43.

44.     The unauthorized sales, marketing, and advertising by Defendant of the RMF Services under the Infringing Mark is likely to mislead consumers into believing that the RMF Services are affiliated with, authorized by or approved by Rapid Mortgage Company, when they are not, and vice versa

**ANSWER:**  Defendant denies the allegations contained in paragraph 44.

45.     Defendant's actions violate the Lanham Act, 15 U.S.C. §1125, and, among other things, constitute false designation of origin in violation of the Lanham Act, 15 U.S.C. §1125(a), and have caused and will continue to cause irreparable harm to Rapid Mortgage Company.

**ANSWER:**  Defendant denies the allegations contained in paragraph 45.

46.     Unless Defendant is enjoined by this Court from the further advertisement, distribution and provision of the RMF Services using the Infringing Mark, or any mark, term or domain name incorporating "Rapid Mortgage," Plaintiff will continue to suffer a loss of goodwill and loss of control over its business reputation.

**ANSWER:**  Defendant denies the allegations contained in paragraph 46.

47.     Plaintiff is entitled to all relief available under 15 U.S.C. §1125, including recovery of the profits Defendant has enjoyed through its conduct, as well as treble damages and costs, in an amount to be ascertained at trial.  Because Defendant acted with knowledge and intent to cause consumer confusion, mistake, and deception, Plaintiff is also entitled to an award of attorneys' fees

that Plaintiff has incurred as a result of that conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 47.

**ANSWER TO SECOND CAUSE OF ACTION**
**OHIO COMMON LAW TRADEMARK INFRINGEMENT**

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated here.

**ANSWER:**  To the extent that paragraph 48 requires a response, Defendant incorporates all responses from the preceding paragraphs as if fully restated here.

49.     By virtue of having used and continuing to use the Rapid Mortgage Mark, Plaintiff has acquired common law rights in the mark nationwide, including throughout the State of Ohio and in the states identified in paragraph 13.

**ANSWER:**  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore, denies them.

50.     Defendant has used and, upon information and belief, is using the Infringing Mark and/or a mark confusingly similar to Plaintiff's Rapid Mortgage Mark in connection with the RMF Services in the same geographics [sic] areas in which Plaintiff offers the Rapid Mortgage Services utilizing the Rapid Mortgage Mark.

**ANSWER:**  Defendant denies the allegations contained in paragraph 50.

51.     Defendant's use in commerce, without Plaintiff's consent, of the Infringing Mark is likely to cause confusion, mistake and deception in consumers as to the source of origin of Rapid Mortgage Company's Services.

**ANSWER:**  Defendant denies the allegations contained in paragraph 51.

52.     Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, because consumers will likely mistakenly believe that Rapid Mortgage Company and/or the Rapid Mortgage Services originate or are affiliated with or are

approved, endorsed or sponsored by Defendant, when that is not the case.

     **ANSWER:**  Defendant denies the allegations contained in paragraph 52.

53.    Moreover, Defendant's use in commerce, without Plaintiff's consent, of the Infringing Mark in connection with the RMF Services is likely to cause confusion, mistake and deception of consumers as to the source of origin of the RMF Services.

     **ANSWER:**  Defendant denies the allegations contained in paragraph 53.

54.    Defendant's actions as described above are likely to cause consumer confusion or mistake, or to mislead or deceive consumers, because consumers will likely mistakenly believe that Defendant and/or the RMF Services originate or are affiliated with or are approved, endorsed or sponsored by Rapid Mortgage Company, when that is not the case.

     **ANSWER:**  Defendant denies the allegations contained in paragraph 54.

55.    Defendant' acts constitute trademark infringement in violation of Ohio common law, and have caused and will continue to cause irreparable harm to Plaintiff.

     **ANSWER:**  Defendant denies the allegations contained in paragraph 55.

56.    Unless Defendant is enjoined by this Court from further use of the Infringing Mark, or any mark, term or domain name incorporating "Rapid Mortgage," in connection with the advertising, distribution and sale the Defendant Services, Plaintiff will continue to suffer a loss of goodwill and reputation.

     **ANSWER:**  Defendant denies the allegations contained in paragraph 56.

57.    Because Defendant acted with knowledge of Plaintiff's rights and with the intent to cause consumer confusion, mistake, and deception, Plaintiff is entitled to recover the profits Defendant has enjoyed through its infringing conduct, as well as the damages, costs and attorneys' fees that Plaintiff has incurred as a result of that conduct, in an amount to be ascertained at trial.

**ANSWER:** Defendant denies the allegations contained in paragraph 57.

**ANSWER TO THIRD CAUSE OF ACTION**
**DECEPTIVE AND UNFAIR TRADE PRACTICES –**
**OHIO REVISED CODE §4165.02, *et seq.***

58.     Plaintiff incorporates the foregoing paragraphs as if fully restated here.

**ANSWER:**  To the extent that paragraph 58 requires a response, Defendant incorporates all responses from the preceding paragraphs as if fully restated here.

59.     Through the conduct described herein, Defendant has engaged in unfair competition and deceptive trade practices in violation of Ohio Revised Code § 4165.02.

**ANSWER:**  Defendant denies the allegations contained in paragraph 59.

60.     Defendant' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the affiliation, connection or sponsorship of the Rapid Mortgage Services with Defendant.

**ANSWER:**  Defendant denies the allegations contained in paragraph 60.

61.     Moreover, Defendant's conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and/or to misrepresent the affiliation, connection or sponsorship of the RMF Services with Rapid Mortgage Company.

**ANSWER:**  Defendant denies the allegations contained in paragraph 61.

62.     Defendant will continue its unlawful activities, causing irreparable injury to Plaintiff, unless such activities are enjoined by this Court.

**ANSWER:**  Defendant denies the allegations contained in paragraph 62.

63.     As a direct and proximate result of Defendant's unlawful activities, Plaintiff has and

will continue to suffer damages in an amount to be ascertained at trial.

    **ANSWER:**  Defendant denies the allegations contained in paragraph 63.

## ANSWER TO UNNUMBERED "WHEREFORE" CLAUSE

    Defendant denies that Plaintiff is entitled to any of the relief that it seeks in the Complaint.

Specifically:

(a) Defendant denies that Plaintiff is entitled to an injunction enjoining Defendant and its subsidiaries, parents, affiliates, agents, servants, employees, directors, officers and attorneys and those persons in active concert or participation with Defendant:

    i.  from using the Rapid Mortgage Mark, or any marks confusingly similar thereto including the Infringing Mark, in connection with the sale, offer for sale, distribution, advertisement, or any other use in connection with the RMF Services, and all other services (the "Enjoined Services");

    ii.  from infringing the Rapid Mortgage Mark;

    iii.  from otherwise unfairly competing with Plaintiff in the offering for sale, distribution and advertisement of the Enjoined Services;

    iv.  from taking any action to falsely represent Plaintiff or Plaintiff's services or products as being connected with Defendant or sponsored by or associated with Defendant or engaging in any act which is likely to cause clients, customers and/or members of the purchasing public to believe that Plaintiff is associated with Defendant;

    v.  from falsely representing itself or its services or products as being connected with Plaintiff or sponsored by or associated with Plaintiff or engaging in any act which is likely to cause clients, customers and/or members of the purchasing public to believe that Defendant is associated with Plaintiff;

22

vi.   from using any reproduction, counterfeit, copy, or colorable imitation of "Rapid Mortgage" in connection with the publicity, promotion, sale, or advertising of the Enjoined Services;

vii.  from registering or using, directly or indirectly, any domain name containing the Rapid Mortgage Mark or "Rapid Mortgage"; and

viii. from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (vii) above.

(b) Defendant denies that Plaintiff is entitled to an order that, within fifteen days after the entry and service of an injunction, Defendant serve and file a written report under oath setting forth in detail the manner and form in which it has complied with the injunction;

(c) Defendant denies that Plaintiff is entitled to Defendant's profits pursuant to 15 U.S.C. § 1117;

(d) Defendant denies that Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117;

(e) Defendant denies that Plaintiff is entitled to its cost and attorneys' fees pursuant to 15 U.S.C. § 1117;

(f) Defendant denies that Plaintiff is entitled to compensatory damages or other damages;

(g) Defendant denies that Plaintiff is entitled to pre-judgment and post-judgment interest, and denies that Plaintiff is entitled to any further relief.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's Complaint, and each cause of action contained therein, fails to state a claim upon which relief may be granted.

2.    Defendant has not, directly or indirectly, infringed Plaintiff's asserted trademark.

3.     Defendant has not, directly or indirectly, used a false designation of origin in connection with the marketing, sale, or promotion of any of Defendant's goods or services.

4.     Defendant has not, directly or indirectly, made any act that constituted unfair competition or an unfair business practice.

5.     Defendant's common law rights in the mark "Rapid Mortgage Funding" are senior to Plaintiff's asserted rights in the mark "Rapid Mortgage Company."

6.      Defendant's use of the term "Rapid Mortgage Funding" is not likely to cause confusion with Plaintiff's asserted mark "Rapid Mortgage Company."

7.     Defendant's use of the term "Rapid" is permitted under the fair use doctrine.

8.     Defendant's use of the term "Rapid Mortgage" is permitted under the fair use doctrine.

9.     Plaintiff's asserted mark "Rapid Mortgage" is descriptive in that it immediately describes the services rendered under the mark, namely, a mortgage lender that acts quickly.  Plaintiff has not achieved secondary meaning necessary to protect its mark.

10.     Plaintiff has sustained no harm, irreparable or otherwise, due to Defendant's alleged actions.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches or undue delay.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

13.     Plaintiffs' claims are barred by the doctrine of waiver.

14.     Plaintiff's claims are barred by the doctrine of unclean hands.

15.     To the extent Plaintiff has suffered any damages, which Defendant expressly denies, Plaintiff has failed to take any steps to mitigate its damages.

16.     Defendant does not knowingly or voluntarily waive any applicable affirmative defenses.  Defendant reserves all rights to add such other affirmative defenses as may become known to it through the course of its discovery and/or investigation in this matter.

WHEREFORE, having fully responded to the Complaint herein, Defendant requests as follows:

A.  A trial by jury on all issues so triable;

B.  That the Court deny Plaintiff's request for relief, including any injunctive relief;

C.  That the Court deny Plaintiff's claims for damages;

D.  That Defendant be awarded its costs herein, including reasonable attorneys' fees to the extent authorized by law; and

E.  That Defendant be awarded any and all other relief to which Defendant shall be entitled.

Dated: March 15, 2023                    Respectfully submitted,

*/s/ Jaci L. Overmann*
Jaci L. Overmann (0089306)
*Trial Attorney*
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio  45202
Phone: (513) 977-8204
Fax: (513) 977-8141
jaci.overmann@dinsmore.com

Arlene L. Boruchowitz (0096747)
DINSMORE & SHOHL LLP
191 West Nationwide Blvd, Suite 200
Columbus, Ohio  43215
Phone: (614) 227-4211
Fax: (614) 628-6890
arlene.boruchowitz@dinsmore.com

*Attorneys for Defendant Rapid Mortgage Funding, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's ECF system on March 15, 2023.

*/s/ Jaci L. Overmann*
Jaci L. Overmann