# **EXHIBIT A**

CONSENT ORDER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| RAPID MORTGAGE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAPID MORTGAGE FUNDING, INC.<br><br>Defendant. | Case No. 1:22-cv-00746<br><br>Judge Douglas R. Cole<br><br><br>**CONSENT ORDER** |

WHEREAS, this action was commenced on December 13, 2022 by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff Rapid Mortgage Company ("**Plaintiff**") seeks injunctive relief and monetary damages against Defendant Rapid Mortgage Funding, Inc. ("**Defendant**") for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and deceptive and unfair trade practices under the statutory and common laws of the State of Ohio.

WHEREAS, the parties now stipulate and consent to this Consent Order, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. This consent judgment is entered into by the parties for the purpose of settlement and is without admission by Defendant as to liability or any of the allegations of the Complaint in

this action, or as to any matters arising out of the Complaint. The Court makes no finding of fact or conclusion of law concerning any of the allegations or claims asserted by Plaintiff in this proceeding. However, nothing in this paragraph shall be construed as diminishing or otherwise affecting Defendant's obligations and responsibilities under this Consent Order.

4. This Consent Order expressly incorporates the terms and conditions set forth in the Trademark Settlement and Coexistence Agreement executed by the parties on November 13, 2024 ("Settlement Agreement").

5. The Settlement Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

6. This Consent Order constitutes a final judgment on the merits of Plaintiff's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

7. Defendant hereby waives any and all right to an appeal from entry of this Consent Order.

8. This Consent Order shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

9. If either party is found by the Court to be in contempt of, or otherwise to have violated this Consent Order, the parties agree that the other party shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

10. Each party shall bear its own attorneys' fees and costs incurred in this action.

11. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Order.

**SO ORDERED.**

Dated: _____ _____

UNITED STATES DISTRICT JUDGE

CONSENTED TO AND AGREED:

| By: /s/ *Nicole M. Lundrigan* (*via email auth*.) | By: /s/ *Arlene L. Boruchowitz* |
|---|---|
| W. Kelly Lundrigan (0059211)<br>Nicole M. Lundrigan (0075146)<br>LUNDRIGAN LAW GROUP CO, LPA<br>1080 Nimitzview Drive, Suite 402<br>Cincinnati, Ohio 45230<br>Telephone: (513) 813-7610<br>klundrigan@lundrigan-law.com<br>nlundrigan@lundrigan-law.com<br><br>*Attorneys for Plaintiff Rapid Mortgage Company* | Arlene L. Boruchowitz (0096747)<br>DINSMORE & SHOHL LLP<br>191 W. Nationwide Blvd, Suite 200<br>Columbus, OH 43215<br>Telephone: 614-628-6880<br>Facsimile: 614-628-6890<br>arlene.boruchowitz@dinsmore.com<br><br>*Attorney for Defendant Rapid Mortgage Funding, Inc.* |

Dated: November 19, 2024

3

# EXHIBIT 1

# Trademark Settlement and Coexistence Agreement

## TRADEMARK SETTLEMENT AND COEXISTENCE AGREEMENT

THIS TRADEMARK COEXISTENCE AND SETTLEMENT AGREEMENT ("**Agreement**"), effective as of the last date of signature below (the "**Effective Date**"), is made by and between the following entities:

Rapid Mortgage Company, Inc. having an address of 7466 Beechmont Avenue, Suite 420, Cincinnati OH 45255, and its parents, subsidiaries, and affiliated companies, and their respective attorneys, insurers, agents, employees, officers, directors, shareholders, partners, licensees, successors, members, affiliates, and assigns (hereinafter defined collectively as "**RMC**"); and

Rapid Mortgage Funding, Inc., having an address of 30700 Telegraph Rd, Suite 4600 Bingham Farms, MI 48025, and its parents, subsidiaries, and affiliated companies, and their respective attorneys, insurers, agents, employees, officers, directors, shareholders, partners, licensees, successors, members, affiliates, and assigns (hereinafter defined collectively as "**RMF**").

As used herein, RMC and RMF shall be referred to individually as "**Party**" and collectively as "**Parties**."

## RECITALS

WHEREAS, RMC has alleged and claimed that it is the owner of all right, title, and interest in and to the common law trademark for RAPID MORTGAGE COMPANY and/or RAPID MORTGAGE (collectively, the "**RMC Mark**") in connection with mortgage products and services (the "**RMC Services**");

WHEREAS, RMF has alleged and claimed that it is the owner of all right, title, and interest in and to the common law trademark for RAPID MORTGAGE FUNDING, RMF and/or RAPID MORTGAGE (collectively, the "**RMF Mark**") in connection with mortgage products and services (the "**RMF Services**");

WHEREAS, RMC has filed a Complaint in the United States District Court for the Southern District of Ohio, Case No. 1:22-cv-00746-DRC, against RMF based on RMF's use of the RMF Mark, for federal and state trademark infringement and a related state law claim for unfair and deceptive trade practices (the "**Litigation**");

WHEREAS, RMF has denied RMC's claims in the Litigation;

WHEREAS, the Parties wish to formalize the entirety of their agreement and resolve all of their differences, including but not limited to the Litigation, to avoid additional litigation and further expense of time, effort, and money which may be incurred, and are desirous of resolving the matter by entering into this Agreement which will protect the rights of the Parties and avoid any likelihood of confusion as to the source, origin, sponsorship or affiliation of their respective goods and services.

**AGREEMENT**

NOW THEREFORE, in consideration of the foregoing and the mutual promises hereinafter set forth, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. Cessation and Prohibition of Use

    (a)  Following the conclusion of the Phase Out Period defined in Section 3 below, RMF shall not use and shall permanently cease all use of the marks "RAPID MORTGAGE FUNDING," "RAPID MORTGAGE", and "RMF", whether used in whole or part of a mark, in connection with mortgage products and services in the United States, including any marketing materials, telemarketing, and in its legal name and dba.  Notwithstanding the foregoing, RMC acknowledges and agrees that RMF may use the term "mortgage" and/or "funding" in connection with its business to describe its services, so long as both the words "rapid" and "mortgage" are not in its name.

    (b)  To the extent RMF has registered "Rapid Mortgage" as an assumed name, dba, trade name, fictitious name, or similar, with any State or federal agency or the NMLS, then it shall cancel the registration before the expiration of the Phase Out Period defined in Section 3 below.

2. Rapid Home Lending Mark

    (a)  RMF hereby declares its intention to adopt and use the mark "RAPID HOME LENDING" in connection with the RMF Services (the "**RHL Mark**") in the United States., including, in whole or as part of RMF's legal name and dba.

    (b)  Notwithstanding the foregoing, and subject to the limitations set forth in Section 4 below, nothing in this Agreement should be construed as a limitation on RMF's use of any other "rapid"-formative mark that does not include both of the words "rapid" and "mortgage."

    (c)  Notwithstanding the foregoing, nothing in this Agreement should be construed as a limitation on RMF's use of the following logos or any variations thereof:



3. Phase Out of RMF Mark

(a) Upon the Effective Date of this Agreement, RMF agrees to commence phasing out all use of the RMF Mark, including advertising and promotional materials and in connection with telemarking practices, for a phase out period. The **"Phase Out Period"** shall be defined as:

1. Within three (3) months of the Effective Date of this Agreement, RMF will file all applications necessary to comply with this Agreement with applicable government and licensing entities, such as secretaries of state and the Nationwide Multistate Licensing System.

2. Not to exceed (i) three (3) months from the Effective Date of this Agreement; or (ii) the effective approval date of the applications described in Section 1(a)(i), whichever is later.

(b) RMC consents to RMF's use of the RMF Mark in connection with the RMF Services during the Phase Out Period, so long as RMF does not use the RMF Mark in new marketing channels other than those channels previously used on or prior to the Effective Date.

4. <u>Mutual Agreements</u>

a) Each Party agrees that when using the word "rapid" in connection with the RMC Services or the RMF Services, the word "rapid" will always be used in connection with another word which is part of each Party's legal name in the following contexts:

(a) Corporate Website.

(b) Header of the Corporate LinkedIn Account, namely, the header shown below.



(c) Header of the Corporate Instagram Account, namely, the header shown below.



(d) Header of the Corporate Facebook Account, namely, the header shown below.



(e) Fictitious names, applications for authority to transact business as a foreign entity, assumed names, DBAs, registrations, and trade names filed with any federal or state authority and/or the Nationwide Multistate Licensing System.

5.  <u>Consents and Agreements Not to Challenge</u>

    a)  <u>RMC's Consent and Agreement to Not Challenge</u>.  RMC consents to and shall not assert any challenge or bring any action (including but not limited to any opposition or cancellation action before the Trademark Trial and Appeal Board, or any action for trademark infringement, trademark dilution or unfair competition, or deceptive trademark practices) based on RMF's ownership, use, and/or registration (as applicable) in the United States of the RHL Mark.  RMC expressly consents to RMF's use of the RHL Mark.

    b)  <u>RMF's Consent and Agreement to Not Challenge</u>.  RMF consents to and shall not assert any challenge or bring any action (including but not limited to any opposition or cancellation action before the Trademark Trial and Appeal Board, or any action for trademark infringement, trademark cancellation, trademark dilution or unfair competition) based on RMC's ownership, use, and registration (as applicable) in the United States of the RMC Mark.  RMF expressly consents to use of the RMC Mark.

6.  <u>No Likelihood of Confusion</u>. The Parties acknowledge and agree that consumer confusion between the RMC Mark and the RHL Mark is not likely.

7.  <u>Mutual Undertakings</u>.

    a)  <u>Execution of Consent Documents</u>. Each Party shall, as promptly as reasonably practicable, and in any case within ten (10) business days of the other Party's written request, execute such reasonable specific consent agreements or other documents prepared by the other Party to effectuate the purposes of this Agreement including, without limitation, for filing with the USPTO to overcome likelihood of confusion refusals of one Party's trademark applications based on the RMC Mark or the RHL Mark that are in compliance with this Agreement.

    b)  <u>Cooperation in the Event of Actual Confusion</u>. In the unlikely event that either Party becomes aware of any actual consumer confusion resulting from the simultaneous use of the RMC Mark and the RHL Mark as permitted by this Agreement:

        (a)  such Party shall advise the other Party within ten (10) business days of the details of such confusion; and

        (b)  the Parties shall take commercially reasonable steps to address the confusion and prevent its future occurrence.

    c)  <u>Costs</u>. Each Party shall bear its own costs in connection with performance of this Agreement, including but not limited to for the preparation of consent agreements that a Party requests pursuant to Section 7(a) above.

8. <u>Stipulated Dismissal</u>

a) Within five (5) business days of the Effective Date, RMF, through its counsel, shall prepare, and with RMC's approval, file an appropriate consent order dismissing the Litigation with prejudice and incorporating and attaching this Agreement to the Consent Order. The Consent Order shall indicate the Court retains jurisdiction to enforce the settlement agreement of the parties.

b) The Parties agree that: (1) each party will pay its own attorneys' fees and costs associated with the Litigation, including but not limited to preparing and filing the stipulated dismissal in the Southern District of Ohio; and (2) each party will pay its own attorneys' fees and costs associated with preparing and finalizing this Agreement.

9. <u>Term</u>. This Agreement shall continue in full force and effect without limitation of term so long as each party holds rights in its respective trademarks.

10. <u>Notice and Cure Period</u>.

a) Each Party shall be entitled to written notice of any breach of this Agreement, including but not limited to any material breach. Each Party shall have fifteen (15) business days from receipt of such notice by the other Party to make reasonable efforts to cure any alleged breach (the "Cure Period"). Both parties agree to reasonably cooperate with the other Party in any and all attempts to cure any alleged breach within the Cure Period.

11. <u>Representations and Warranties</u>.

    a) <u>Mutual Representations and Warranties</u>. Each Party represents and warrants to the other Party that:

        (a) it is duly organized, validly existing and in good standing as a corporation or other entity as represented herein under the laws of and regulations of its jurisdiction of incorporation, organizations or chartering;

        (b) it has the full right, power and authority to enter into this Agreement and to perform its obligations hereunder;

        (c) the performance of this Agreement will not conflict with any of the Party's existing obligations under any other agreement;

        (d) it has not granted any licenses to use its mark currently in effect that conflict with the provisions of this Agreement;

        (e) the execution of this Agreement by its representative whose signature is set forth at the end hereof has been duly authorized by all necessary corporate action of the Party; and

  (f)  when executed and delivered by such party, this Agreement will constitute the legal, valid and binding obligation of such party enforceable against such party in accordance with its terms.

 b) <u>DISCLAIMER</u>. EXCEPT FOR THE EXPRESS WARRANTIES IN SECTION 11(a), EACH PARTY HEREBY DISCLAIMS ANY WARRANTY, WHETHER EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, UNDER THIS AGREEMENT.

12. <u>Mutual Release</u>. Each Party, on behalf of itself, its predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns, and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest, and all persons acting by, through, under, or in concert with them, and each of them, hereby release and discharge the other Party, together with its predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, affiliates and assigns and its and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns and successors in interest, and all persons acting by, through, under or in concert with them, and each of them, from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and punitive damages, of any nature whatsoever, known or unknown, which either Party has, or may have had, against the other Party, whether or not apparent or yet to be discovered, or which may hereafter develop, for any acts or omissions related to or arising from the other Party's activities in connection with the RMC Mark or the RMF Mark prior to the Effective Date.

13. <u>Equitable Relief</u>. Each Party hereto acknowledges that a material breach or threatened breach by such Party of its obligations under this Agreement would give rise to irreparable harm to the other Party for which monetary damages would not be an adequate remedy and hereby agrees that in the event of a breach or a threatened breach by such Party of any such obligations, the other Party hereto shall, in addition to any and all other rights and remedies that may be available to it in respect of such breach, be entitled to equitable relief, including a temporary restraining order, an injunction, specific performance and any other relief that may be available from a court of competent jurisdiction (without any requirement to post bond).

14. <u>Miscellaneous</u>.

 a) <u>Relationship of the Parties</u>. The relationship between the Parties is solely that of parties to a settlement and coexistence agreement. Nothing contained in this Agreement shall be construed as creating any agency, partnership, joint venture or other form of joint enterprise, employment or fiduciary relationship between the

        Parties, and neither Party shall have authority to contract for or bind the other Party in any manner whatsoever.

b) <u>Notices</u>. All notices, requests, consents, claims, demands, waivers and other communications hereunder shall be in writing and addressed to the Parties as follows (or as otherwise specified by a Party in a notice given in accordance with this section):

        If to RMC:

        Nicole M. Lundrigan
        1080 Nimitzview Dr., Suite 402
        Cincinnati, OH 45230
        nlundrigan@lundrigan-law.com

        If to RMF:

        Grant Monachino
        Dinsmore & Shohl LLP
        1001 Lakeside Avenue, Suite 990
        Northpoint Tower
        Cleveland, OH 44114
        grant.monachino@dinsmore.com

        Notices sent in accordance with this Section shall be deemed effectively given: (a) when received, if delivered by hand (with written confirmation of receipt); (b) when received, if sent by a nationally recognized overnight courier (receipt requested); (c) on the date sent by facsimile or e-mail (in each case, with confirmation of transmission), if sent during normal business hours of the recipient, and on the next business day, if sent after normal hours of the recipient; or (d) on the 5th day after the date mailed, by certified or registered mail, return receipt requested, postage prepaid.

c) <u>Interpretation</u>. For purposes of this Agreement, (a) the words "include," "includes" and "including" shall be deemed to be followed by the words "without limitation"; (b) the word "or" is not exclusive; and (c) the words '"herein," "hereof," "hereby," "hereto" and "hereunder" refer to this Agreement as a whole. Unless the context otherwise requires, references herein: (i) to Sections refer to the Sections of this Agreement; (ii) to an agreement, instrument or other document means such agreement, instrument or other document as amended, supplemented and modified from time to time to the extent permitted by the provisions thereof; and (iii) to a statute means such statute as amended from time to time and includes any successor legislation thereto and any regulations promulgated thereunder. This Agreement shall be construed without regard to any presumption or rule requiring construction

    or interpretation against the Party drafting an instrument or causing any instrument to be drafted.

 d) <u>Headings</u>.  The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

 e) <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings and agreements, whether written or oral, with respect to each subject matter.

 f) <u>Assignment of Agreement and Marks</u>.  This Agreement is binding upon and inures to the benefit of the Parties hereto and their respective permitted successors and assigns.

 g) <u>No Third-Party Beneficiaries</u>. This Agreement is for the sole benefit of the Parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer up any other person any legal or equitable right, benefit or remedy of any nature, under or by reason of this Agreement.

 h) <u>Amendment and Modification; Waiver</u>. This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each Party hereto. No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving.  Except as otherwise set forth in this Agreement, no failure to exercise or delay in exercising, any rights, remedy, power or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

 i) <u>Severability</u>. If any term or provision of this Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the Parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the Parties as closely as possible in a mutually acceptable manner.

 j) <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the latest date below.

| Rapid Mortgage Company, Inc. | Rapid Mortgage Funding, Inc. |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Name: Angela Roewer | Name: Johnathan Denha |
| Title: CFO | Title: President |
| Date: NOV 13, 2024 | Date: 11/13/24 |